Jenness vs. The State.

---

JENNESS, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 9 — June 22, 1899.*

*Criminal law: Abandonment of wife and child: Failure to support: Information: Duplicity: Jurors: Evidence: Instruction to jury: Prejudicial error.*

1. An information under sec. 4587c, S. & B. Ann. Stats.— in effect providing that if a parent, being of sufficient ability, shall unreasonably refuse or neglect to provide for his minor child, or if, being a husband, he shall, under like circumstances, refuse or neglect to provide for his wife, he shall be deemed guilty of a misdemeanor,— charging the defendant with unlawfully and unreasonably refusing and neglecting to provide for his wife and a minor child, is not bad for duplicity.

2. The rule in such case is that under a penal statute mentioning several things disjunctively, all of which are punishable alike, the whole may be charged conjunctively in a single count, as constituting but a single offense.

Jenness vs. The State.

3. The provision of sec. 4587*h*, S. & B. Ann. Stats.— which governs the trial in county courts of prosecutions for abandonment of a wife or minor children by the husband and father, and failure to provide for their support,— that the sheriff shall summon as jurors persons "qualified to serve as jurors in courts of record," refers to the qualification necessary under secs. 2524, 2525, and does not mean that the persons must have been summoned in the manner laid down in ch. 176, Laws of 1897.

4. Where marriage appears from the undisputed evidence, the admission, against objection, of an uncertified copy of the marriage certificate is not prejudicial error.

5. Where, in a prosecution for abandonment and failure to support the wife and minor child of defendant, he had testified that he was always willing to support them, it is not error to require him on cross-examination to answer a question as to whether he caused a certain notice to be published in a local paper warning the public that he would not be responsible for debts of his wife's contracting.

6. In such a case an instruction to the jury that when a lawful marriage is established, it devolved on the defendant to show that a divorce had been granted by some lawful tribunal, is without prejudice, where that court also instructed the jury at the defendant's request, in substance, that if the complainant takes the ground that the defendant is under obligations to support her while she persists in living apart from him, she sadly misconceives her duty and obligation, and that when she offers to live with defendant and discharges her conjugal duties, she will then be in a position to invoke the aid of the law to compel him to perform his duties if he refuses to do so.

Error to review a judgment of the county court of Vernon county: D. O. Mahoney, Judge. *Affirmed.*

This was a criminal prosecution under sec. 4587*c*, S. & B. Ann. Stats. The information charged, in substance, that on the 19th day of April, 1897, the plaintiff in error and one Minnie Jenness were husband wife, having one infant child, and that on said day, at the county of Vernon, the plaintiff in error did unlawfully and unreasonably refuse and neglect to provide for Minnie Jenness, his wife, *and* the said minor child, and still so refuses and neglects to provide for his said wife and minor child. Before the plaintiff in error filed his

plea to the information, he moved to quash the same on the ground of duplicity, which motion was overruled, and exception taken. The action was tried in the county court of Vernon county, and the court ordered a special venire of jurors competent to sit in the circuit court to try the case, but before the jury was sworn the plaintiff in error challenged the array on the ground that the panel of jurors was not procured and drawn as required by ch. 176, Laws of 1897. This challenge was overruled by the court, and exception taken.

Upon the trial, Minnie Jenness, the complaining witness, testified without objection that she was married to the plaintiff in error November 8, 1896, by a justice of the peace. She further testified to the fact that after the marriage she lived at her father's house, and that the defendant lived with her for a time, but that on the 19th of April, 1897, he left her and her child, which had been born in the preceding February, and went to Minnesota, where he stayed more than two months, and had made no contributions to her support or that of her child since his departure for Minnesota. The plaintiff in error, in his testimony, did not deny the fact of his marriage, but claimed that he was prepared to take his wife to his father's home in April, 1897, and had also procured a house in which to live upon his father's farm, but that she refused to live with him, whereupon he left the state and went to Minnesota; that after he went to Minnesota he wrote to her, asking her to come to him, but sent no money. The evidence showed that the plaintiff in error was an able-bodied man capable of earning sufficient to support himself and family.

The jury brought in a verdict of guilty, and the court sentenced the defendant to be punished by imprisonment in the county jail for thirty days, and the plaintiff in error sued out his writ of error to reverse said judgment.

Jenness vs. The State.

For the plaintiff in error the cause was submitted on the brief of *D. F. Jones.*

For the defendant in error there was a brief by the *Attorney General,* and oral argument by *R. F. Hamilton,* second assistant attorney general.

Winslow, J.   1. The contention that the information was bad for duplicity must be overruled.   The statute governing the offenses charged in the information was sec. 4587c, S. & B. Ann. Stats.; and it provided, in effect, that if a parent, being of sufficient ability, shall unreasonably refuse or neglect to provide for his or her minor child, or if, being a husband, he shall, under like circumstances, refuse or neglect to provide for his wife, he shall be deemed guilty of a misdemeanor, and on conviction shall be punished by imprisonment, etc.   The rule is that " where a statute makes it a crime to do this or that or the other, mentioning several things disjunctively, all of which are punished alike, the whole may be charged conjunctively in a single count, as constituting but a single offense." *Clifford v. State,* 29 Wis. 327.   The husband being also a parent, it is quite clear that the effect of the statute is that if the husband, being of sufficient ability, unreasonably refuses to provide for his wife or child, he shall be punished; and thus the case comes directly within the rule above quoted.   *U S. v. Nunnemacher,* 7 Biss. 131.

2. The contention that the jury should have been summoned under the provisions of ch. 176, Laws of 1897 (now found in sec. 2533a *et seq.,* Stats. 1898), must also be overruled.   Sec. 4587h, S. & B. Ann. Stats., which governs specially the trial of this offense in county courts, provides that, if there be no panel of jurors in attendance, the court shall issue a special venire to the sheriff, requiring him to summon a specified number of jurors from residents of the county

qualified to serve as jurors in courts of record.    This special provision must be held to control, as against general provisions.    Plainly, the expression, "qualified to serve as jurors in courts of record," refers to the qualifications necessary under secs. 2524, 2525, and does not mean that the persons must have been summoned in the manner laid down in ch. 176, Laws of 1897.

3. Certain rulings on the reception of evidence are assigned as error.    An uncertified copy of the marriage certificate was received in evidence against objection.    But the complaining witness had previously, without objection, testified directly to the fact of marriage at a certain time and place, and before a certain officer.    This was sufficient evidence of the fact.    *Firmeis v. State*, 61 Wis. 140.    There was no evidence to the contrary, and the defendant when on the stand frequently referred to his marriage with the complaining witness.    The fact of marriage seems to have been undisputed.    Hence the reception of the certificate, even if erroneous, was not prejudicial.    Upon cross-examination the defendant was asked if he caused a certain notice to be published in a local newspaper in December, 1897, warning the public that he would not be responsible for debts of his wife's contracting.    Objection was made to the question, but he was allowed to answer, and admitted that he published the notice.    This ruling is alleged now as error.    No error is perceived.    The defendant had testified that he was always willing to support his wife and child, and upon that point this evidence seems to have been a proper cross-examination.

4. Exceptions are taken to certain parts of the charge on the ground that the court, in effect, charged that a judgment of divorce was the only defense which the defendant could interpose, whereas there might be other reasons which would excuse the defendant from supporting his wife.    It is true the court charged in effect that, when lawful marriage

was established, it devolved on the defendant to show that a divorce had been granted by some lawful tribunal, and further that slight misconduct of the wife would not justify withdrawal of support; but the court also, on defendant's request, gave the following instruction: " The court instructs you that, while it is the duty of the husband to support his wife to the extent of his ability, it is also clearly the duty of the wife to live with her husband and observe all her marriage vows; and if, without legal excuse, she abandons her home, or unreasonably refuses to live with her husband, she forfeits her rights to his support. It does not appear in the evidence that the wife of the defendant has ever offered to return to or to live with the defendant since the 19th day of April, 1897, but it does appear on several occasions she has declared that she would never live with him. If the complainant takes the ground that the defendant is under obligations to support her while she persists in living apart from him, she sadly misconceives her duty and obligation. When she offers to live with defendant and discharge her conjugal duties, she will then be in a position to invoke the law to compel him to perform his duties if he refuses to do so." Certainly this instruction was favorable enough to the defendant, and we do not think the jury could have been misled.

We find it unnecessary to notice other errors alleged. We have found nothing that would justify reversal of the judgment.

*By the Court.*— Judgment affirmed.