## ROBINSON *vs.* THE STATE OF GEORGIA.

[SPEER, Justice, did not preside in this case on account of providential cause.]

1. The court is the constitutional organ to give in charge to the jury the law in criminal cases, and it is the duty of the jury to receive and accept the law as given them in charge by the court as applicable to the case, and to apply the law so given in charge to the facts, and give a general verdict of guilty or not guilty. In this sense they are judges of the law and facts.
2. The verdict is supported by the evidence.

Criminal Law. Constitutional Law. Charge of Court. New Trial. Before Judge ERWIN. Gwinnett Superior Court. September Term, 1880.

Reported in the decision.

W. E. SIMMONS, for plaintiff in error.

A. L. MITCHELL, solicitor general, for the state.

CRAWFORD, Justice.

The plaintiff in error was indicted for retailing spirituous liquors without license, and was found guilty by the jury; he moved a new trial upon several grounds set out in his motion, which was refused, and he excepted.

1. There are two questions made by this record for our decision. The first arises upon the refusal by the court to give the following request in writing in charge to the jury :

·" In the trial of this case, as in all criminal cases in this state, the jury are the judges of the law as well as the facts, and it is your privilege to differ with the court as to the interpretation of the law applicable to the case on trial."·

This request brings squarely before us the right of the jury to judge of the law in criminal cases. It has been ruled by this court that the constitution of 1877 did not change the law as it existed, and was construed prior to that time. But the precise and exact meaning of the words, " the jury in all criminal cases shall be judges of the law and the facts," has been and still is the subject of much discussion, and a divided opinion with the bar of the state. But the law as now ruled is, that "the court is the constitutional organ to give in charge to the jury the law in criminal cases, and that it is the duty of the jury to receive and accept the law as given them in charge by the court as applicable to the case, and to apply the law so given them in charge by the court to the facts, and give a general verdict of guilty or not guilty." In that sense, they are the judges of the law as given them in that case, precisely as they are the judges of the facts in the same case on the proofs submitted. The one is given by the judge, the other by the witnesses, they apply the one to the other and find a general verdict on both, instead of on the facts alone, as was the rule before they were permitted to consider the law at all Moreover, this court never has held that they were not judges of the law ; on the contrary, that they were, both by statute and constitution, and now exercise a right withheld from them under the English rule, which allowed them to find a ver-dict on the facts alone.

A criminal case is one in which the party is charged with crime ; if the jurors are to be judges of the law govern-ing such cases, and interpret it differently from the judge, they must become so as soon as they are empaneled and sworn, and are not to be limited to the questions of law

given them in charge by the court. From the indictment to the verdict· they ·must be judges, otherwise they are denied their rights as judges in many of the most important elements that are involved in the trial. If they are to rule the law on any question in the case, they must rule it on all; there is no escape from this conclusion, if there is, it follows that there must be a divided jurisdiction over the law governing the case; the judge exercising it over one part of the trial, and the jury over another. Such is not wisdom, and what is not wisdom ought not to be law. If, however, the rule as now established be unsatisfactory to the law making power of the state, it is but necessary so.to declare, and it will be promptly obeyed and enforced by the courts.

2. Another ground of the.motion for a new trial is because the verdict is contrary to law and contrary to evidence. The testimony is abundantly sufficient to support the verdict, and there being no error of law in the charge as certified in the record, the same must stand.

Judgment affirmed.