No. 9456.

### The State of Louisiana vs. William Hannibal.

The charge to a jury in a criminal case must be taken as a whole. Isolated parts if objectionable may be controlled by other expressions and all taken together may be good law. It is not error to charge a jury that they could safely accept the law from the judge. The judge might have put it stronger and have charged that it was the jury's duty to accept it.

APPEAL from the Twenty-Second District Court, Parish of St. James. *Duffel, J.*

*J. L. Gaudet,* District Attorney, and *M. J. Cunningham,* Attorney General, for the State, Appellee.

*Robt. G. Dugué* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant appeals from a sentence to hard labour for life rendered on a conviction of murder without capital punishment, and relies for reversal on an exception to the lower judge's charge. The recital in the bill is as follows;—

" In my charge to the jury, I said : Gentlemen, you are the judges of the facts, also of the law as expounded by me, and which you are to apply to the facts proven. You are not compelled to follow my instructions, because you are at liberty to interpret the law yourselves. But you must not arbitrarily disregard my instructions.

However, if you are convinced they are wrong, and that you know the law better than I do, it is your right to follow your own conscientious convictions. *It is safe for you to regard my explanation of the law, for if I am mistaken the accused will have his remedy by bills of exception and appeal.*"

The objection of the prisoner affects only the last sentence and consists in this, that it was a doubtful case, there having been two mis-

trials, and the remark of the judge tended to dispel any conscientious scruples the jury might have against a conviction and to induce them to wash their hands of the consequences of their verdict.

The sentence excepted to is only a part of the charge. The whole must be considered, and in another part the judge told the jury if they entertained a reasonable doubt of the guilt of the accused they must acquit him, that the State must make out a clear and conclusive case and that she would prefer to see ten guilty persons escape punishment rather than one innocent man should suffer.

If there was any tendency to dispel the jury's conscientious convictions and to invite a verdict of guilty by the sentence objected to, they were amply warned that the State did not desire a conviction where there was a reasonable doubt of guilt. The charge as a whole is not amenable to objection by even the most critical, but in truth the sentence that is obnoxious to the defendant is of itself and by itself not ground of complaint. It is not error to tell the jury it was safe for them to regard the judge's explanation of the law and the reason of it. He might have gone further and instead have told them it was their duty to accept the law as expounded by him and to apply it to the facts of the case.

Judgment affirmed.