State vs. Vinson.

## No. 163.

THE STATE OF LOUISIANA vs. GEORGE VINSON.

State vs. Johnson, 37 Ann. 422, maintaining sufficiency of oath to the jury to find a verdict "according to the evidence," reaffirmed.

Refusal to instruct the jury that they are judges of the law as well as of the facts, is flagrant and fatal error. The Constitution says that in criminal cases they shall be judges of the law, and instruction to that effect cannot be denied, though the court may expound to them the nature of their duties in relation to the law as laid down by the judge, which they should accept and apply.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.

*J. W. Jones* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The case comes up on several bills of exception.

The first exception was to the form of oath administered, which was to give a true verdict "according to the evidence."

After due consideration we have already determined that this oath is legal and sufficient. State vs. Johnson, 37 Ann., 422; State vs. Logan (decided this day).

We have listened to renewed argument on the question, but the reasons and authorities now presented were fully considered in the above case, and we adhere to our conclusions therein announced.

The second bill of exceptions we now transcribe in full:

"Be it remembered that on the trial of the above entitled suit, the court charged the jury to take the law of the case as given by the court, to which charge the defendant by attorney objected on the ground that the charge was contrary to law in this: that the jury were the judges of the law of the case, but that great weight should be given to the law as charged by the court, which charge was refused by the court. This bill (adds the judge) does not exactly employ the language of the court in the written charge. The sentence in full is: 'You, the jury, will now apply the following presumptions and the facts proved to the law of the case as given by the court and determine whether the defendant is guilty or innocent of the crime.' It is certainly the duty of the jury to hear the charge and apply the evidence to it, whether they are bound by it or not. I think they are bound to adopt the law as given by the court. 'It is not and never has been within the province of the jury to decide what the law of a case is.' 30 Ann., 905. I also think, when an attorney argues to a jury that they are judges of the law of a case, the judge should correct the heresy. To which ruling of the court defendant exc pted, etc.

"(Signed): A. W. O. Hicks, District Judge."

The bill is not very skilfully drawn, but, taken as a whole, it clearly exhibits a refusal of the judge to charge that the jury are judges of the law and his opinion that such a claim is heresy.

Such refusal involves a denial of a clear constitutional right of accused. Art. 168 of the Constitution, in plain terms, declares that "The jury, in all criminal cases, shall be judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge."

The point is settled by the paramount law and admits of no discussion or evasion. The judge is bound, in every case, when asked, to charge that the jury *are* judges of the law, and refusal so to charge is flying in the face of the Constitution and is flagrant and fatal error.

In connection with such charge, the judge may rightfully and properly expound to the jury their clear duty to accept and apply the law as laid down for them by the judge. But that is by no means incon-

sistent with their being "judges of the law" in the sense of the Constitution. The relation which the jury bears to enunciations of law delivered to them by the judge, is very similar to that which the judge bears to valid and unambiguous statutes. The judge is bound, under his oath, to accept and apply the statutes, but that does not prevent him from being the judge of the law. So the jury is bound to accept and apply the law as declared by the court, but that does not prevent their being "judges of the law." They weigh and consider the law as laid down by the judge and determine its meaning and apply it to the facts proved, and are thus and in that sense judges of it, which is the sense of the Constitution. In either case, the judge or jury might have the actual power to disregard statute or charge, and refuse to recognize or apply them as law, but by so doing they would violate their duty and oath.

The doctrine has been clearly expounded in the Ford case, and needs no further discussion. In several cases, the charges of judges enforcing the duty of the jury to accept the law as charged by the judge, have been considered and sustained; but in each of them it appears that the charge had expressly instructed that the jury were judges of the law and the facts. State vs. Ford, 37 Ann., 465; State vs. Johnson, 30 Ann., 905; State vs. Scott, 12 Ann., 386; State vs. Ballerio, 11 Ann., 81.

On this ground the case must be remanded.

There appear two other bills of exception taken to the refusal of the judge to give to the jury certain charges on the subject of circumstantial evidence, which embodied the language of Rules 4 and 5 laid down by Mr. Wills in his work on circumstantial evidence, p. 149. The judge refused partly because he considered the rules as too broad in their language, and partly because he thought the subject matter had been properly covered by his written charge. He may be correct in the first reason; but, for his guidance, we may say that we do not find in his written charge any substantial equivalent for the rule recognized by the authorities, that where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt but inconsistent with any other reasonable hypothesis. See State vs. Swayze, 30 Ann., 1327; State vs. Willingham, 33 Ann., 538, and authorities there referred to.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence be annulled and set aside, and that the case be remanded to the lower court to be there proceeded with according to law.

Judgment reversed and case remanded.