## No. 186.

### THE STATE OF LOUISIANA vs. HAL MATTHEWS.

The rule that the jury is bound to accept and apply the law as laid down by the judge, and that it cannot disregard it without violating its oath and duty is reaffirmed; and it is not error to refuse a charge "that if the jury cannot conscientiously believe that the judge has charged the law correctly, they do not violate their oath in disregarding it." Such a principle would utterly emasculate and annul the rule.

It is not essential that the violence inflicted by the defendant should have been the sole cause of the death; but if it hastened the termination of life, or really contributed, mediately or immediately, to the death in a degree sufficient to be a clear contributing cause, that is sufficient

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.

*J. W. Jones*, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Charges of error are based on five bills of exception.

Bill No. 1 is taken to the refusal of the judge to instruct the clerk to embody in the transcript the form of the oath administered to the jury. The refusal was utterly inconsequent, because the bill of exception, signed by the judge, contains the oath in full, and it is the same which we have heretofore sanctioned as legal. State vs. Johnson, 37 Ann. 421; State vs. Logan, id. 778; State vs. Vinson, id. 792.

Bill No. 2 arraigns the refusal of the judge to charge that, "the jury is a co-ordinate branch of the court and your oath as jurors obligates the jury to find a verdict according to the law and the evidence of the case."

The judge did not question the correctness of the proposition, but refused because his written charge fully covered the point. The reason is good, as we find that the written charge had fully expounded the duty of the jury with reference to the law and the facts as laid down by this Court.

Bill No 3 excepts to the charge of the judge on the subject of the

function of the jury with reference to the law and their duty to accept and apply the law as laid down by the court. The charge is couched in the very language of this Court in State vs. Vinson, 37 Ann. 792 and embraces every essential element.

Bill No. 4 is taken to the refusal of the following charge: "If the jury cannot conscientiously believe that the court has charged the law correctly, they do not violate their oath in disregarding it."

This Court has repeatedly held that, the jury is bound to accept and apply the law as laid down by the judge, and that, while it has the power to disregard it, yet in so doing, it would violate its oath and duty. State vs. Vinson, 37 Ann. 792; State vs. Ford, id. 465; State vs. Johnson, 30 Ann. 905; State vs. Scott, 12 Ann. 386; State vs. Ballerio, 11 Ann. 81.

The charge invoked by counsel would utterly emasculate and annul the rule thus repeatedly laid down, and the judge a quo rightly refused it.

The 5th and last bill challenges the judge's refusal to give the following charge: "Proof that the violence inflicted by the defendant was the cause of the death of the deceased is necessary and the evidence must connect the death with the special blow charged."

The court had already charged that, before convicting "the jury must be satisfied that defendant caused the death of deceased, either wholly or in part. If Carey had been already mortally wounded, yet if defendant struck him with a bottle and thereby inflicted a wound which hastened the termination of his life, it was a sufficient killing by defendant."

This charge is a correct exposition of the law, and defendant's counsel is quite in error in his contention that it applies only to cases of conspiracy and concurrent injuries inflicted by several persons. On the contrary, it applies to other contributing causes of death of whatever nature. Thus Lord Hale says: "If a man receives a wound not in itself mortal, but, either from want or neglect of helpful application, it turns to a gangrene or a fever, and that gangrene or fever be the immediate cause of death, yet this is murder or manslaughter in him that gave the wound." 1 Hale, P. C. 428; see also State vs. Scott; 12 Ann. 274; 3 Greenleaf Ev. sec. 139.

And Mr. Bishop summarizes the doctrine thus: "Whenever a blow is inflicted under circumstances to render the party inflicting it criminally responsible if death follows, he will be deemed guilty of the homicide, though the person beaten would have died of other causes, or would not have died from this one had not others operated with it; pro-

vided, the blow really contributed mediately or immediately to the death in a degree sufficient for the law's notice." And again : "If the person would have died from some other cause already operating, yet if the wound hastened the termination of life, this is enough, as for example, if he had been already mortally wounded by another." 2 Bishop Cr. L., secs. 637, 638.

In a certain sense, every man is born and lives, mortally wounded; that is, subject to laws which inevitably doom him to death. No murder does more than to hasten the termination of life.

We conclude, therefore, that the judge has correctly expounded the law, and that the charge asked was too broad, inasmuch as, without explanation, it might have conveyed the erroneous idea that it was essential that the blow should have been the sole cause of the death.

Judgment affirmed.