State vs. Tisdale.

---

### No. 10,342.

### STATE OF LOUISIANA VS. W. L. TISDALE.

1. One appearing as a witness before the grand or petit jury to give his testimony, must be called and his testimony heard whether he has been summoned or not—hence such person is a witness within the intendment of Revised Statutes, Section 880.

2. The best judicial authority is that the declaration to the jury that they are the judges of the law, must be followed by an explanation of the sense in which they are the judges of the law; and it is the duty of the judge to give them a knowledge of the law applicable to the case.

3. It is well settled law that objections to the qualifications of jury-commissioners must be urged in the preliminary stages of the trial, and cannot be heard after plea, trial and verdict.

APPEAL from the Third District Court, Parish of Union. *Barksdale,* J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*G. H. Ellis* and *J. W. Holbert* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The defendant was indicted under Section 880 of the Revised Statutes, on the charge of having intimidated a witness; and he appeals from a judgment, and sentence to imprisonment of one year, at hard labor in the penitentiary.

The indictment avers that one W. L. Tisdale " did wilfully, feloniously, and by threats and intimidation, attempt to prevent one James Oliver, a witness for the State in the case of State of Louisiana vs. L. A. Kayes, in which case the said Kayes was, at the time, charged before the grand jury   *   *   with an assault and battery on James Oliver, from appearing and testifying as a witness before said grand jury, etc."

During the course of the trial, the counsel of the accused requested three special charges to the jury, which were refused; excepted to one charge given by the judge; and, after the defendant's conviction, made a motion for a new trial, which was denied; to all of which adverse rulings, bills of exception were retained.

## I.

The *first* charge requested was, " that a person is not a witness, under Section 880, of the Revised Statutes of this State, until a summon has been served on said person, to appear at some stage of a criminal, or civil trial or prosecution;" but it was refused by the judge, on the ground that " such a construction of the statute would render it perfectly nugatory and inoperative, in many cases, and, besides, would be giving the statute a meaning clearly not intended by the law-maker."

The statute declares that " whoever shall be convicted of bribery, or attempting to bribe any *witness ;* or by any force, or threat, or intimidation of any kind, or by persuasion, to prevent any *witness* in a *criminal* case, in *any of the stages of prosecution*, from making the oath in order to obtain a warrant of arrest, to the final trial inclusive, from appearing or testifying as a witness, shall be sentenced, etc."

The construction of this statute, which is insisted upon by the defendant's counsel, is too strained and technical, and the requested instruction to the jury was properly refused.

While it is true that, for many purposes, in the course of judicial proceedings, one cannot be treated *as* a witness, until he has been regu-

larly summoned, it does not follow that he may not be *a witness*, notwithstanding process has not been issued for his attendance as such, in a given case.

For instance, one cannot be attached and fined for *non*-attendance, until a summon is first produced, and the service of it duly proved.

Until a summon is produced and due proof made of attendance as a witness, one cannot obtain a certificate, entitling him to compensation for services.

Yet, such person may be called and sworn as a witness, and his testimony taken in a case, though he has not been summoned.

Indeed, the law declares that "it shall be the *duty of all courts* in this State to *call and hear* the testimony of all competent *witnesses*, in any case, or proceeding in open court, *when the witness appears* to give testimony, *whether he is subpœned or not.*" R. S. Sec. 3960.

Thus, it is affirmatively declared by the Legislature that one appearing as a witness, must be called, and his testimony heard, whether he has been summoned or not; hence the conclusion is perfectly irresistible, that such a person is a witness though he be *not summoned* as such. State vs. Diskin, 35 Ann. 48; State vs. Kam, 36 Ann. 153; State *ex rel.* Wickliffe vs. Judge, 39 Ann. 847.

Section 881 of the Revised Statutes—the one succeeding that under which the accused was indicted—provides that "any *witness* in a criminal proceeding, in any of its stages from making oath to obtain a warrant of arrest to the final trial inclusive, who shall fail to appear, or give evidence *when legally required to do so*, by reason of being bribed or persuaded not to do so, upon due conviction thereof, shall be sentenced to imprisonment at hard labor, etc."

It will be observed that the phrase "when legally required to do so," occurring in this section, is absent from the one preceding.

The reason, to our minds, is obvious, and it is, that the Legislature intended that any person tampering with, bribing, or intimidating a known witness, whether summoned as such, at the time, or not, should be punished; but, that such witness, who should yield to such bribery, or persuasion, could not be punished therefor, unless he was, at the time, a duly *summoned* witness. This distinction is, certainly, a proper one, because there can be no difference to the person tendering the bribe, or resorting to the intimidation, whether the person prevented from testifying *was summoned or not*, as, in either event, the *evidence* is gotten rid of; while, on the other hand, the person bribed or persuaded, being duly summoned as a witness, occupies altogether a different position from the one he occupied before he was summoned. For

by the summons it is made known to him that his testimony is required by the court, and he is commanded not to depart under the penalty of the law.  If he contravenes that command, he is denounced as guilty of a penitentiary offense—a felony.  If he has not been summoned, he may reasonably infer that the officers of justice were not aware of, or did not require his testimony.

The present case aptly illustrates the propriety of such an interpretation of the word " witness," as coming within the intendment of the ·statute in question, because the foregoing quotation from the indictment against the defendant shows, that the intimidated witness, James Oliver, was the person upon whom Kayes had committed an assault and battery, and was the prosecutor of the defendant in State vs. Kayes, pending an investigation before the grand jury.

Under such circumstances, Tisdale must have known that the finding of the grand jury greatly depended on the testimony of this individual before that body, and that, by intimidating him, and preventing him from testifying *as* a witness, an indictment against Kayes might be prevented.  Surely, it does not require argument to demonstrate that the conduct of Tisdale was just as reprehensible as though Oliver had been regularly summoned as a witness, to appear before the grand jury, and that to his knowledge.  The *effect* of intimidation in either case is just the same; and the *motive* which superinduced it, likewise, the same.

Evidently the Legislature intended to prevent and suppress *such* practices, and imposed severe penalties upon those violating its behest; and we deem it our imperative duty to rigorously enforce them.  We approve the ruling of the trial judge.

## II.

The *second* charge requested was "that the jury were the exclusive judges of the law, Section 880 of the Revised Statutes of this State, under which the defendant is charged as well as of the evidence."  It was refused, for the following reasons, viz :

" The court had already read Section 880 R. S. to the jury and had charged them that they were the judges of the law and the evidence, after being charged by the court as to the law applicable to the case.

" Besides, juries are not the exclusive judges of the law, in the sense counsel desired the court to charge ; and the charge asked would only have tended to confuse the jury, if given after the court had fully explained to the jury the sense in which they were judges of the law, as had been done in this case, and defendant had not excepted thereto."

Counsel for the accused cites in his brief, as supporting his objection

and exception to the judge's declination to charge the jury as he requested, State vs. Ford, 37 Ann. 465, and State vs. Johnson, 30 Ann. 905. It appears to us that they could have been more appropriately cited in support of the judge's ruling.

In the latter case the court said :

" It is not correct to tell a jury that they are the judges of the law, without explaining the modified sense in which alone they are so. It is not, and never has been, within the province of a jury to decide *what* the law of a case is. Except in periods, when-revolutionary passions dominated men's judgments, a jury has never been supposed to have the legal right to disregard the law pronounced by the court to them."

In the former, after quoting Article 168 of the Constitution, the Court said :

" In formulating this familiar rule of criminal law, the framers of the Constitution did not purport to announce a new, or unknown doctrine. They merely proposed to incorporate into the organic law a principle which had been steadily enforced in our criminal jurisprudence since the dawn of its existence. State vs. Johnson recently decided. The best judicial authority is that the declaration to the jury that they are the judges of the law and of the facts must be followed by an explanation similar to that contained in the charge now under consideration."

We have quoted from these two leading opinions, the foregoing extracts, because we deem it of importance that the principles announced should be constantly borne in mind, and given to juries in criminal trials as a sound exposition of law.

The trial judge seems to have been mindful of them, and was not guilty of any error in ruling as he did. State vs. Matthews, 38 Ann. 795; State vs. Cole, 38 Ann. 843.

III.

The *third* charge requested was that "the jury were the exclusive judges of what is meant or intended by the word ' witness,' in Section 880 of the Revised Statutes of the State of Louisiana."

The judge *a quo* assigned as a reason why he declined to charge the jury as requested, that " the court had already charged the jury as to whom were witnesses as contemplated by the section referred to, and that they (the jury) were judges of the law after being charged by the court as to *what* the law is; and defendant had not excepted to this charge."

It has often been decided that " when an instruction to a jury appears misleading, it should be excepted to at the time, in order to give the court below an opportunity to correct the erroneous instruction." 9 Ann. 210; 10 Ann. 458; 34 Ann. 105; 35 Ann. 543; 37 Ann. 51, 77.

The law provides that "in charging the jury in criminal cases, the judge must limit himself to giving them a *knowledge of the law applicable to the case.*" R. S., Section 1936.

If, as the judge certifies, he "had already charged the jury as to whom were witnesses as contemplated by the section referred to," he had only given "them a *knowledge of the law applicable* to the case," as he was required to do; and, if in giving them the instructions he did, he committed an error it cannot be remedied by an application for a *different charge at a subsequent* stage of the proceedings. State vs. Jones, 36 Ann. 204.

## IV.

Counsel for defendant excepted to a portion of the judge's instruction to the jury, and which he states, in his bill of exceptions, to have been as follows, viz:

"I charge you, gentlemen of the jury, not to consider any statement made by the counsel *for the defendant* which is not supported by the sworn testimony given in before you."

The trial judge certifies that "the court did not charge as stated above, by counsel in preparing this bill." He then proceeds to make a statement, giving, in substance, what he said to the jury on this question. He says:

"The charge which defendant excepted to, was given, as nearly as now remembered, in the following words—that the jury were to decide as to whether the defendant was guilty, or not guilty—that, in coming to a conclusion on this issue, they could not consider any statement of fact made by *counsel* in argument, which was not supported by evidence adduced on the trial, but must, under their oaths, consider the law as given in charge by the court, and the evidence adduced, and rehearsed and read in their hearing."

As we have frequently decided, when there is a difference of opinion between counsel and the trial judge, appertaining to any question of *fact* occurring in the course of the trial, and the evidence has not been reduced to writing, and brought up in the transcript, we are bound to accept the version of the judge. Adhering to this rule, the alleged *discrimination* of the judge against counsel for *defendant* disappears, as the certificate states that reference was made in his charge to "counsel" in general terms, and that it was not restricted in its application to the counsel of the *defendant*.

The burden of defendant's counsel's complaint of this charge is, as will appear from his brief, page 3, viz:

"This charge is too restrictive, and is not borne out by any law, cus-

State vs. Tisdale.

tom or usage; it is an infringement of the rights of the accused awarded him by the plain provisions of the Constitution. It restricts the consideration by the jury of the statements of counsel for the accused, while it leaves them untrammelled in considering statements made by the counsel for the State, though they wander far and wide from the record and misstate the sworn testimony in the case; This charge was injurious to the accused, and should not have been given."

Under this phase of the question, there is no well grounded objection to the charge.

## V.

The defendant's next bill of exception relates to the refusal of the trial judge to grant him a new trial, the grounds for which are that the jury-commissioners who drew the *venire* were not *the* legal jury-commissioners, and that said commissioners failed to take the special oath required of them by law.

Nothing appears from the record, of any objection having been urged on this score, in the preliminary stages of the trial; in fact, an affidavit was made by the defendant, and by his counsel, that they did not know of the want of capacity of the jury-commissioners, until since the trial and verdict. The counsel insist that this complaint is well-founded, and is a matter of *substance* and that their objections may be urged after verdict, and by motion for a new trial, citing: State vs. Whitington, 33 Ann. 1403; State vs. Watson, 34 Ann. 669; State vs. Thomas, 35 Ann. 24.

Neither of those cases present the question we have here. Two of them appertain to the want of qualifications of jurors, and the other to the unauthorized appointment of one not a juror, and whose name did not appear on the *venire*, as clerk of the grand jury. Upon suitable affidavit the defendant was permitted to take advantage of such objection by way of a motion in arrest of judgment, not by way of an application for a new trial. The want of capacity of the jury-commissioners assigned, is matter of record, and by the exercise of any sort of diligence, defendant *could* have known it before he went to trial.

In State vs. Washington, 33 Ann. 896, this Court said that "such objection, urged only after plea and trial, and motion for new trial, comes too late. It is well settled law, that objections to the qualifications of jury-commissioners * * must be urged in the preliminary stages of the trial, and cannot be heard after plea, trial and verdict." State vs. Jackson, 36 Ann. 96; State vs. Watson, 31 Ann. 379; State vs. Miles, *ib.* 825.

We are not satisfied with defendant's simple denial under oath that he did not know of the disqualifications of the commissioners until after

trial and verdict. If, upon such a simple and qualified averment, an accused person may escape the consequences of conviction, the right of the State to enforce punishment, is held by a feeble tenure, indeed.

We have examined all the complaints of the defendant, and feel assured that none of them are meritorious.

Judgment affirmed.