(35 South. 360.)

No. 14,871.

STATE v. MENARD.*

(June 26, 1903.)

CRIMINAL LAW—TRIAL—ARGUMENTS OF COUNSEL—EVIDENCE—USE OF MEMORANDUM.

1. The court may stop counsel for the accused from arguing to the jury a proposition of law plainly and flagrantly at variance with the accepted and well recognized law of the state—for instance, that bare consent and cohabitation constitute marriage in Louisiana. The jury are the judges of the law, and therefore counsel may argue to them on the law; but they are so only subject to the charge of the court, and therefore the court is not bound to sit by while their minds are being poisoned with rank legal heresy.

2. Where the witness has an independent recollection of the facts, a written memorandum made by him is inadmissible.

(Syllabus by the Court.)

Appeal from Seventeenth District Court, Parish of Vermilion; Minos T. Gordy, Jr., Judge.

———

*Rehearing denied November 30, 1903.

110 LOUISIANA REPORTS.

Philbert Menard was convicted of crime, and appeals. Reversed.

Story & Pugh, for appellant. Walter Guion, Atty. Gen., and J. Nelson Greene, Dist. Atty. (Lewis Guion, of counsel), for appellee.

PROVOSTY, J. The defendant was sentenced to five years in the penitentiary after conviction under the following statute:

"If any person over the age of eighteen years shall have carnal knowledge of any unmarried female between the ages of twelve and sixteen years with her consent, he shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment with or without hard labor not exceeding five years, provided nothing in this act shall affect the crime of incest." Act 115 of 1896.

Defendant contends that this statute is unconstitutional because it does not fix a lower limit, but fixes only an upper limit to the penalty that may be imposed. This contention, carried to its logical conclusion, denies to the Legislature the authority to determine what shall be the penalty for crime. There is nothing in it. It is not contended, nor could be, that the constitutional requirement for the grading of misdemeanors and minor offenses applies to felonies, nor is it denied that the offense under this statute is a felony. It is made so by the express terms of the statute.

Another contention is that the court stopped counsel when he was proceeding to argue to the jury that a verbal agreement on the part of the accused and his victim to take each other for husband and wife, or to consider themselves as married, constitutes marriage in this state. The court was right. In the first place, taking the statement of the judge, as we must do, and not that of counsel, in the bill of exception, there was no evidence of the parties having made any such agreement, and consequently the action of the judge, if unauthorized, could do no harm, and is not reversible error, on the same principle that to refuse to give a charge inapplicable to the facts is not reversible error; and, in the second place, a judge is not bound to sit quiescent while such bald legal heresy is being poured into the ears of the jury. There was no great harm in arguing the point before the Supreme Court—it was merely a loss of time—but in arguing it to the jury there was the danger of a miscarriage of justice, which it is the duty of the presiding judge to prevent. The jury are made by the Constitution the judges of the law, but only subsidiarily to the court; that is to say, they are bound under their oath to take the law as given them by the court. State v. Tisdale, 41 La. Ann. 338, 6 South. 579; State v. Cole, 38 La. Ann. 843; State v. Matthews, 38 La. Ann. 795; State v. Desforges, 47 La. Ann. 1167, 17 South. 811; State v. Ford, 37 La. Ann. 443; State v. Vinson, 37 La. Ann. 792; State v. Hannibal, 37 La. Ann. 619. This does not go to say that counsel in their argument to the jury must confine themselves to the facts and cannot touch upon the law. The jury are the judges of the law, and therefore it is not only proper, but very useful that counsel should expound the law to them; but this must be done under the supervision of the court. The situation is not as if the jury were the absolute judges of the law. In some states they are, but in this state they are judges of the law only subject to the charge of the court; and, as just stated, this has been interpreted by this court to mean that they are bound under their oath to accept the law as given by the court. It may in particular cases be a nice point to determine when the judge may stop counsel without trenching upon the right of the accused to have the benefit of the exposition of the law by his counsel, and the court should exercise the power with careful discrimination, and be chary of exercising it at all; but no one would deny, we imagine, that there might be cases where it would be the plain and unmistakable duty of the court to interfere. Suppose counsel were questioning the criminality of murder, or denying the right of society to punish crime, or propounding some other pernicious doctrine subversive of the social order; would the court have to countenance counsel even temporarily in such a palpable attempt to lead the jury away from their plain legal duty. If it is the duty of the court to see that the jury are properly instructed as to what the law is, and if it is the duty of the jury under their oath to take the law as given by the

STATE v. MENARD.

court, it follows that the court is not bound to sit quietly by, and let the minds of the jury be poisoned with legal heresy.

While the proposition upon which the court stopped counsel in this case is not of such pernicious character as those suggested above, still the departure of counsel from the accepted law was sufficiently flagrant and extravagant, we think, to justify the court's interference. Article 88 of the Code provides that "such marriages only are recognized by law as are contracted and solemnized according to the rules which it prescribes"; and article 90, that the law sanctions those marriages where the parties have contracted "pursuant to the forms and solemnities prescribed by law"; and other articles provide what officers shall have power to celebrate marriages. Plainly, then, bare consent and cohabitation cannot in this state constitute marriage. Some decisions have held that a license was not essential, and some others that a written act of marriage was not; but no decision has ever held, or without abrogating the above provisions of the Code could hold, that the law recognizes as a marriage a union that has been contracted, not "according to," but in complete disregard of, "the rules which it prescribes."

The other and last objection urged is more serious. After the father of the girl had testified from his own independent recollection to the age of the girl, the court permitted the state to introduce in evidence, over the objection of the defendant, a record made by the father of the births of his children. This was clearly error. Where the witness has an independent recollection of the facts, a written memorandum made by him is not admissible. Rice on Crim. Ev. § 68, p. 100; McKelvey, Ev. § 233, p. 323.

Again, the memorandum was not contemporaneous, but had been copied some four years afterwards from a contemporaneously made memorandum, so that even for the purpose of refreshing the memory of the witness it was of questionable value. Greenleaf, Ev. par. 438.

The verdict of the jury and the judgment are set aside, and the case is remanded to be proceeded with according to law.

NICHOLLS, C. J., and BREAUX, J., concur in the decree.