## STATE v. A. N. JACOBS.[1]

February 26, 1926.

No. 25,147.

**In criminal libel court should instruct jury as to law applicable to issues.**

Even though the jury in a criminal libel prosecution, under our statute, has the right to determine the law and the fact, the function of the court is to instruct them as to the law applicable to the issues, including the right given them by said statute, viz. G. S. 1923, § 9904.

· Libel and Slander, 37 C. J. p. 156 n. 7, 8, 11, 13, 14.

Defendant appealed from an order denying his motion for a new trial after conviction in the district court for Hennepin county, before Nye, J , of publishing a criminal libel.    Affirmed.

*George R Smith, Edward J. Callahan* and *William B. Movery,* for appellant.

*Clifford 1·. Hilton,* Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

HOLT, J.

Defendant appeals from a conviction for publishing a criminal libel.

The sole ground for a reversal is that in a trial for such an offense the court may not instruct the jury as to the law.    It is doubtful whether, on this record, defendant has raised the point.    No objection was made to the jury being charged.    In the motion for a new trial the action of the court in charging the jury was not assailed. The only fault therein specified ran to certain portions of the instructions.    However, neither in the oral orgument nor in the brief is any specific error pointed out in the court's statement of the law pertaining to criminal libel, or in the legal definition of the defenses available.    The point of the appeal is simply this, since it appears that the jury were charged, the conviction cannot stand, for the

[1]Reported in 207 N. W. 648.

court has no right to give any instruction to the jury in a case of criminal libel.

The statutes upon which defendant plants himself read: "In all criminal prosecutions for libel, the truth may be given in evidence, and if it appears to the jury that the matter charged as libelous is true, and was published with good motives and justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact." G. S. 1923, § 9904. Section 10710 of G. S. 1923 provides: "On the trial of an indictment for any offense, questions of law shall be decided by the court, except in cases of libel, saving the right of the defendant to except, and questions of fact by the jury; and, although the jury may find a general verdict which shall include questions of law as well as of fact, they shall receive as law what shall be laid down by the court as such."

The argument of defendant, to the effect that our statute prohibits the court from informing the jury what the law is in respect to criminal libels, is attempted to be drawn from the fact that in the above quoted § 9904 the legislature saw fit not to add the words "under the direction of the court" which are found in the constitution or statutes of many states where juries are made judges of both law and fact. Therefore, it is said, our statute reveals an intent to prohibit the court from informing the jury as to what law or legal principles may be applicable or involved in respect to the matters in issue.

We do not think such an intent is to be inferred. The legislation in respect to criminal libel grew out of the fact that the practice had been established under the common law of only submitting the fact of the publication of the libel by the accused to a jury for a special verdict, so that if the verdict was against him as to the publication, the court then passed on his guilt or innocence. The harsh results brought on the Fox act, followed in this country in most states by constitutional or statutory provisions similar to our statute. An exhaustive history of the origin of the legislation is found in State v. Burpee, 65 Vt. 1, 25 Atl. 964, 19 L. R. A. 145, 36 Am. St. 775.

It is not reasonable to suppose that the legislature by the statute quoted intended to give the court no other function in a criminal libel case than to enforce decorum at the trial. It cannot be that, because the jury is the judge of the facts, any testimony the parties may wish to adduce or the jury desire, may be introduced. The court has the right to determine according to the rules of law what is admissible. An attempt to pass by the court met with no success in People v. Pryal, 25 Cal. App. 779, 147 Pac. 114, 115. We think the trial court has also the right to advise the jury as to what the law is concerning the issues to be determined. The jurors are not lawyers. As a rule they are not persons who know or profess to know what the law is. It was never intended that they should be left entirely in the dark, or left to choose between the, perhaps, divergent statements of the interested advocates as to what the law is.

In the states having provisions precisely similar to our statute, we have found only one decision which recognizes the right of the court to instruct the jury, viz: People v. Seeley, 139 Cal. 118, 72 Pac. 834. But several states in the constitution or by statute have exactly the same worded provision as to all criminal trials that our statute has as to criminal libel. Each of the states from which the decisions hereinafter come has such provision, and it is uniformly held that the court could and should instruct the jury as to the law applicable, such instructions being in an advisory capacity, the jury to be informed of its right to determine the law and fact. Robinson v. State, 66 Ga. 517; Malone v. State, Id. 539; Berry v. State, 105 Ga. 683, 31 S. E. 592; Schnier v. People, 23 Ill. 17; Spies v. People, 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. 320; Juretich v. People, 223 Ill. 484, 79 N. E. 181; Scherer v. State, 188 Ind. 14, 121 N. E. 369; State v. Matthews, 38 La. Ann. 795; State v. Cole, Id. 843; State v. Tisdale, 41 La. Ann. 338, 6 South. 579; State v. Menard, 110 La. 1098, 35 South. 360; Beard v. State, 71 Md. 275, 17 Atl. 1044, 4 L. R. A. 675, 17 Am. St. 536.

In the last cited case the jury could not agree, and requested the court to instruct them as to the law. This was done against the

objection of defendant that the court had no right to charge the jury. The constitution of that state explicitly declared that "in the trial of all criminal cases, the jury shall be the judges of law as well as of fact." After commenting on the divergent practice in the nisi prius courts of that state of charging and not charging the jury in criminal trials, the supreme court refers to the correct practice, sanctioned in former decisions of instructing the jury as to the law, saying:

"And such practice is founded in the soundest practical * * * sense. For though the juries are made judges of the law, they are unlearned, and not infrequently composed, in part at least, of persons wholly uninstructed as to the laws under which they live. When sworn upon the panel it becomes their duty to decide the case according to the established rules of law of the State, and not according to any capricious rules of their own; and it must be supposed that they are always desirous of performing their duty, and making their verdicts conform to law. To enable them to accomplish that object, no proper light should be withheld from them. In the argument of the case before them by counsel, text-books, no matter of what authority, or whether of any authority at all; reported decisions of all grades of Courts, from the highest to the lowest, and no matter where made; are read to the jury, with the gloss of counsel, to enforce certain theories; and the jury are required to discriminate and decide, upon the authorities cited, as to what is the law in their own state, which they are sworn to administer. In such state of doubt and perplexity, is it not reasonable and proper that they should have the *advisory aid* of the Judge who is supposed to know what the law of the State really is, and who has the ultimate power of revising or setting aside their verdict, if they should mistake and misapply the law to the injury of the accused? It would seem that there could be no room for a diversity of opinion upon this question; and no case could more fully illustrate the propriety of the practice than the present. If the instruction given be erroneous, though in a mere advisory

form, it may be made the subject of an exception, to be corrected on appeal."

The instructions of the learned trial court were clear, very complete and correct. Over and over again the jury were told that they were the ultimate judges of the law and fact, and that the court in stating the law was simply acting in an advisory capacity. In charging the jury the court performed a proper function in the trial of the cause.

Order affirmed.