*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0979**

State of Minnesota,
Respondent,

vs.

Melissa Jean Crawley,
Appellant.

**Filed June 8, 2015
Affirmed
Klaphake, Judge**[*]

Winona County District Court
File No. 85-CR-08-1211

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karin L. Sonneman, Winona County Attorney, Stephanie E. Nuttall, Assistant County Attorney, Winona, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Scott M. Flaherty, Daniel M. White, Special Assistant Public Defenders, Briggs and Morgan, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE** , Judge

Appellant Melissa Jean Crawley challenges her conviction for the misdemeanor offense of falsely reporting a crime following the supreme court's vacation of her conviction on the gross misdemeanor offense of falsely reporting police misconduct, arguing that a change in the law that invalidated her conviction on the more serious offense made a jury instruction erroneous on the lesser included offense. Because the change in the law did not affect the jury instruction on the lesser included offense, we affirm.

**DECISION**

On appeal to this court following her 2009 conviction for gross misdemeanor falsely reporting police misconduct, this court reversed Crawley's conviction, finding that the language of the relevant criminal statute, Minn. Stat. § 609.505, subd. 2 (2006), violated the First Amendment prohibition against viewpoint discrimination. *State v. Crawley*, 789 N.W.2d 899 (Minn. App. 2010), *rev'd*, 819 N.W.2d 94 (Minn. 2012). On further review, the supreme court determined that while by definition this offense improperly punishes a substantial amount of protected speech, a narrowing construction of the statute would bring it within constitutional parameters. *Crawley*, 819 N.W.2d at 104-06. The supreme court reversed Crawley's gross misdemeanor conviction and remanded for a new trial. *Id.* at 108-09.

On retrial, the state sought to enter a conviction on the lesser included misdemeanor offense of falsely reporting a crime, based on the 2009 jury's guilty verdict

2

as to that offense. Crawley argued that because the 2009 jury did not receive "an instruction under Minnesota Statutes 631.06[,] what's also known as a *Jacobs* instruction[,] that [Crawley] can't be convicted based on their finding of guilt as to the misdemeanor."[1] The district court rejected this argument, finding that *Jacobs* does not apply because Crawley was not charged with criminal defamation. Accordingly, the district court accepted the 2009 guilty verdict on the misdemeanor offense and entered a judgment of conviction on that offense. In this appeal, the state again argues that the jury was not required to be given a *Jacobs* instruction because falsely reporting a crime does not constitute criminal defamation.

"District courts are given broad discretion to determine how to proceed on remand, as they may act in any way not inconsistent with the remand instructions provided." *State v. Montermini*, 819 N.W.2d 447, 454 (Minn. App. 2012) (alteration and quotation omitted). "We review a district court's compliance with remand instructions for an abuse of discretion." *Id.*

Minnesota Statutes section 631.06 (2006) provides:

> In criminal trials, the court shall decide questions of law, except in cases of criminal defamation, and the jury shall decide questions of fact. The defendant may object to a decision of the court on a matter of law. Although the jury may return a general verdict including questions of law as well as fact, it shall receive as law the court's instructions.

Crawley contends that the supreme court's opinion in *Crawley* brings the misdemeanor charge of falsely reporting a crime within the purview of criminal defamation, therefore

---

[1] *State v. Jacobs*, 166 Minn. 279, 207 N.W. 648 (1926), involved a charge of criminal libel.

requiring the jury to determine questions of law and fact and be so instructed. We disagree. In *Crawley*, the supreme court relied on Minnesota's definition of civil defamation in interpreting the gross misdemeanor offense of falsely reporting police conduct, ruled that the statutory definition of the offense does not meet all of the elements of defamation, and determined that it could uphold the constitutionality of the criminal statute by narrowly construing it to refer only to communications satisfying the defamation definition. 819 N.W.2d at 104-05. However, the supreme court confined its holding to the gross misdemeanor offense of falsely reporting police misconduct, and it referenced the offense of falsely reporting a crime only for the proposition that "less discriminatory alternatives . . . exist" to deter the unnecessary diversion of public safety resources to address false reports of crimes. *Id.* at 126. Accordingly, the supreme court's holding was limited to the gross misdemeanor offense of falsely reporting police misconduct and did not affect the validity of the misdemeanor offense of falsely reporting a crime or transform that offense into criminal defamation. Therefore, the district court did not abuse its discretion when it dismissed the gross misdemeanor conviction of falsely reporting police misconduct and entered a judgment of conviction on the lesser included misdemeanor offense of falsely reporting a crime. *See Montermini*, 819 N.W.2d at 454.[2]

---

[2] Crawley further argues that her conviction violates due process because the supreme court's decision in *Crawley* changed the law and could have altered the jury's verdict. As the supreme court did not change the law regarding the misdemeanor offense of falsely reporting a crime, Crawley's claim is without merit.

Crawley also raises a statutory construction argument for the first time in her reply brief, but the scope of this brief is limited to "new matter raised in the brief of the respondent." Minn. R. Civ. App. P. 128.02, subd. 4. We therefore decline to address this argument on appeal. *State v. Yang*, 774 N.W.2d 539, 558 (Minn. 2009) (striking a jury-instruction argument included in a reply brief when the state "did not raise this matter in its [principal] brief").

**Affirmed.**