[No. 21143.   In Bank.—July 3, 1894.]

103  355
c109 647
J109 651
103  355
q143 405

IN RE MINOR CHILDREN OF HENRY HUNT, ON
HABEAS CORPUS.

PARENT AND CHILD—GUARDIANSHIP—JURISDICTION OF SUPERIOR COURT.— The father and mother, being the natural guardians of a minor child, can be deprived of the custody of its person only by a proceeding under section 203 of the Civil Code; and the superior court has no jurisdiction, in any proceeding not inaugurated under that section, to commit the custody of the child of natural parents to a stranger.

APPLICATION to the Supreme Court by Henry Hunt for a writ of *habeas corpus,* in behalf of Henry Hunt and Lizzie Hunt, his minor children. On the 9th of June, 1894, Frank J. Kane, superintendent of the Youths' Directory on Howard street, San Francisco, petitioned the Superior Court of the City and County of San Francisco to be appointed guardian of the persons of the minor children of Henry and Annie Hunt, upon an allegation that the parents were persons of intemperate habits, and not fit to have the custody of their children. The court made an order on that date, without

the appearance or consent of the parents, awarding the custody of the children to the petitioner pending the hearing of the petition, and ordered that Monday, the 18th of June, 1894, be appointed for the hearing of the petition, and that the parents be cited to appear five days before the hearing.   There was no hearing of the petition at the date appointed, nor any final appointment of guardian under the petition.   On the twenty-sixth day of June, 1894, Henry Hunt, the father of the children, applied to the Supreme Court for a writ of *habeas corpus*, alleging that his children were wrongfully held in custody by F. J. Kane at the Youths' Directory on Howard street, under the order of the Superior Court made on the ninth day of June, 1894.

*Aitken & Smith*, for Petitioner.

The method of procedure provided in section 203 of the Civil Code is exclusive, and the child cannot be freed from the natural dominion of its parents in any other proceeding.   The court had no jurisdiction to commit the custody of the children to the petitioner without notice or consent of the parents.   (*White* v. *Pomeroy*, 7 Barb. 640; *Badenhoof* v. *Johnson*, 11 Nev. 87; *In re Winkleman*, 9 Nev. 303; *Seaverns* v. *Gerke*, 3 Saw. 363; *Peacock* v. *Peacock*, 61 Me. 211.)

The COURT.—The children above named having been brought before the court by writ of *habeas corpus*, and the court being fully advised as to the matter, it is hereby ordered that said minor children be discharged from the custody of Frank Kane, and restored to the custody of the petitioner.

The father and mother, being the natural guardians of a child, can be deprived of the custody of its person only by a proceeding under section 203 of the Civil Code.

The proceeding by which the superior court has committed these children to the custody of a stranger is wholly unauthorized.

GAROUTTE, J., concurring.—I concur in the judgment, but am not prepared to coincide with the majority of the court upon the important question stated in the opinion as to the effect of section 203, without an opportunity for further examination.