[S. F. No. 2995.   Department Two.—January 9, 1905.]

## GRANT SELFRIDGE, Respondent, v. BLITZ W. PAXTON and BESSIE E. PAXTON, Defendants; BLITZ W. PAXTON, Appellant.

DIVORCE—CUSTODY OF CHILD AWARDED TO MOTHER—NECESSARY SERVICES. TO CHILD—DIVORCED FATHER NOT LIABLE.—Where, by a decree of divorce, the custody of an infant child of the parties was awarded to the mother, who by contract with the father agreed to maintain the child in consideration of certain payments, the father, who has. not contracted for necessary surgical services rendered to the child, is not liable therefor to a surgeon who knew of the decree and of the award of the custody of the child to the mother.

ID.—CONSTRUCTION OF CIVIL CODE—LIABILITY LIMITED TO CUSTODY OF CHILD.—Under sections 196 and 207 of the Civil Code the duty of a parent to support a child, and the liability of the parent for necessaries furnished to the child by a third person, are confined to a parent entitled to the custody of the child and having it under his charge, and no such liability attaches to a parent who has been deprived of such custody and charge.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James W. Oates, for Appellant.

Morrison & Cope, for Respondent.

McFARLAND, J.—This is an action brought against the defendants to recover for medical and surgical services rendered to Roma W. Paxton, the infant daughter of the said defendants.   The case was tried without a jury, and the court made findings and rendered judgment for plaintiff.   From the judgment and from an order denying a motion for a new trial the defendant Blitz W. Paxton appeals.

The facts material to the determination of the case are in brief these:   For several years prior to the seventeenth day of September, 1894, defendants were married to each other, and during that time the said Roma W. Paxton was born to them.

as the fruit of their marriage. On said seventeenth day of September, 1894, the defendants were duly divorced by a decree of court. The decree gave to the defendant Bessie the care and custody of the said Roma, providing, however, that the defendant Blitz might visit the child upon reasonable occasions. But the decree had no provision as to the maintenance of said Roma, and had no other provision whatever. After the date of the decree the defendants lived separately—Blitz residing in Sonoma County and Bessie in San Francisco. Roma resided with her mother and was under her custody in San Francisco. The divorce was obtained at the suit of the wife on the ground of desertion. Afterwards, and about March 19, 1900, Roma, still a minor, became severely ill, and at the request of the mother, Bessie, plaintiff commenced attending her professionally, and continued to do so until some time in the following June. He performed on her some difficult surgical operations. His services were necessary and their value was as found by the court. The first surgical operation was performed a day or two after plaintiff was first called to attend Roma, and on March 22d he wrote to the defendant Blitz informing him of Roma's serious illness and of the operation; and he received a reply dated March 30th, in which said defendant acknowledged receipt of plaintiff's letter and said that he would be obliged if plaintiff would advise him of any change in the patient's condition. Plaintiff at the time he rendered the services knew of the said decree of divorce, and that Roma then was, and for several years theretofore had been, living with and in the custody of the mother under said decree.

The foregoing are perhaps the only facts necessary to be considered, but the following facts also appear: On the day of the divorce the defendants Blitz and Bessie entered into a written contract, which in brief is as follows: Reference is made in the contract to the pending action for a divorce, and Bessie agreed to take upon herself the maintenance of the said Roma, and also another child of the parties, and Blitz agreed to give her $5,620 in money, which he did then give her, and to pay the premiums on and make certain disposition of a certain policy of insurance, and to pay her, in addition, for the support of the children, $13,200 in installments of one hundred dollars each month until the whole should be paid,

provided that if both of the children should die before the whole amount was paid, then the payments should cease, and he gave security for the payment of said money; and Bessie released all interest in all other property, whether community or separate property of Blitz.

It is apparent that the evidence does not show any contract, either express or implied, on the part of defendant Blitz to pay for the said services rendered Roma; and the court does not find any such contract. The finding merely is, that the appellant was notified of the illness of Roma and did not object to respondent's services. The case, therefore, seems to present the naked legal question whether under the law of this state a third person can recover of a father for necessaries furnished his infant child when by a decree of court the care, custody, and control of the child has been taken away from him and given to the mother, who, to the knowledge of the person furnishing the services, is exercising such custody under such decree; and our opinion is, that this question must be answered in the negative.

As to what the rule on this subject is under the general law, and without reference to any statutory provision, the decisions in other jurisdictions are no doubt somewhat at variance. In *McKay* v. *McKay,* 125 Cal. 65, Mr. Justice Harrison, speaking for the court, says: "The question of the father's liability for the care and support of his children after a decree of divorce, in which their custody has been awarded to the mother, has been frequently presented in actions brought therefor by strangers, or by the mother, and courts have almost invariably held that an action against him to enforce such liability could not be maintained" (citing many cases). This would be determinative of the question, if it were not that, perhaps, as contended by respondent, the language above quoted was not necessary to the decision of that case, and was therefore *dictum.* But the rule stated in that case is the one declared by the statutory law of this state—which, of course, must govern. The law as to the liability of a parent for necessaries furnished the child comes within the declaration of section 4 of the Civil Code of this state, that "The code establishes the law of this state respecting the subjects to which it relates." The Civil Code, commencing with section 193, under the caption of "Parent and Child,"

clearly "establishes the law" respecting the rights, duties, and liabilities which arise out of that relation; and the law touching the question involved in the case at bar is found in sections 196 and 207. These sections are as follows:—

"196. *Obligations of parents for the support and education of their children.* The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability."

"207. *When a parent is liable for necessaries supplied to a child.* If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent."

By these sections the duty to support a child, and the liability to the third person for necessaries furnished it, are clearly confined to a parent "entitled to the custody" of the child, and having it "under his charge"; and no such liability attaches to a parent who has been deprived of such custody and charge. In the opinion delivered by the learned judge of the court below—for whose judgment we have the highest respect—much weight is given to the consideration of the injustice which might follow if a father could escape liability to support his children on account of a decree of divorce founded on his misconduct; and counsel for respondent also urge that consideration. But strong views have been expressed the other way—to the point that a father deprived of the custody, control, and services of his child is not justly liable to third persons who choose to furnish it supplies. In *Ex parte Miller,* 109 Cal. 648, Justice Temple, in a concurring opinion, says: "When a parent is deprived of the custody of his child, and, therefore, of the right to its services and earnings by a summary proceeding, he is no longer liable for its support and education. This is true as a general proposition of law, and it is recognized by our code. Section 196 of the Civil Code provides that a parent entitled to the custody of a child must give him support and education suitable to his circumstances, plainly implying that the parent does not owe that duty to a child when he is not 'entitled to its custody.'"

And he further refers to section 207 as providing that when a parent neglects to provide the necessaries for a child "who is under his charge, then third persons may do so, and recover the value; and he further says that in no instances except those specially provided for in the code "has the court power to deprive the parent of his authority and yet hold him liable for the maintenance of his child." Whatever may be thought as to how the law should be on this subject, we must take it to be as it is written in the code. It must be presumed that the lawmakers looked at the question from all sides—considering the interests of the child as well as the proper liability of the parent—and concluded to enact the law as it stands. Of course, the court when rendering a judgment of divorce may provide for, and generally does provide for, the maintenance of the children of the parties; and it may afterwards so provide when it appears necessary. We cannot know why there was no such provision in the decree involved here; probably it was because the court knew of the said contract between the parties, and thought that it afforded sufficient guaranty for the maintenance of the children.

Under the foregoing views it is not necessary to consider the other incidental questions discussed by counsel.

The judgment and order appealed from are reversed.

Lorigan, J., and Henshaw, J., concurred.