[Crim. No. 1680. In Bank.—March 22, 1912.]

THE PEOPLE, Respondent, v. HERMAN F. SCHLOTT, Appellant.

PARENT AND CHILD—DIVORCE—DECREE REQUIRING FATHER TO SUPPORT CHILD AWARDED TO MOTHER—WILLFUL FAILURE TO SUPPORT PUNISHABLE UNDER SECTION 270 OF PENAL CODE.—Where a decree of

divorce contains a valid provision requiring the father to continue to contribute to the support of a minor child whose custody is awarded to the mother, he may be convicted, under section 270 of the Penal Code, for willfully omitting, without lawful excuse, to furnish such child with necessary food, clothing, shelter, and medical attendance, he having the ability to do so. (*Selfridge* v. *Paxton*, 145 Cal. 713, distinguished.)

Id.—Divorce Decree may Require Father to Support Children Awarded to Mother.—Section 139 of of the Civil Code empowers the court in a divorce decree to compel the father to support his children after being deprived of their custody.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Frank J. Burke, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, C. M. Fickert, District Attorney, and Fred L. Berry, Assistant District Attorney, for Respondent.

BEATTY, C. J.—The defendant was charged under section 270 of the Penal Code with willfully omitting, without lawful excuse, to furnish his minor child with necessary food, clothing, shelter, and medical attendance, he having the ability so to do. Upon his trial he was found guilty, his motion for a new trial was overruled, and a sentence of fine and imprisonment imposed. This judgment and order were affirmed by the district court of appeal (11 Cal. App. Dec. 594). One of the grounds upon which a reversal of the judgment had been claimed was the fact that the custody of the child had been awarded to its mother in a divorce proceeding whereby, it was contended, the defendant had been relieved of all obligation to provide for its support. This point, however, was found to be unsupported by the record, which contained no evidence of the divorce, and for that reason alone its legal sufficiency was left undecided. Subsequently, upon petition of the defendant, and consent of the attorney-general to a correction of the record, a rehearing was granted by the district court of appeal, where on April 10, 1911, the judgment and order of the superior court were reversed upon the sole ground

that the care and custody of the child having been awarded
to the mother by the decree of divorce the defendant was no
longer under any obligation to provide for its support (12
Cal. App. Dec. 523). The attorney-general thereupon peti-
tioned this court for a rehearing, which was granted for the
sole purpose of further considering the effect of the decree of
divorce—the court being entirely satisfied with the opinion of
the district court of appeal as to other assignments of error.

The defendant, in support of his contention as to the effect
of the decree awarding the custody of his child exclusively to
its mother, relies principally upon section 196 of the Civil
Code, and upon the construction which he claims was given
it by the court in *Selfridge* v. *Paxton,* 145 Cal. 713, [79 Pac.
425]; and it is upon the supposed authority of that case that
the decision of the district court of appeal sustaining his con-
tention is placed.

It is true that Justice McFarland, delivering the opinion of
the court in *Selfridge* v. *Paxton,* says that the "Civil Code,
commencing with section 193, under the caption of Parent and
Child, clearly 'establishes the law' respecting the rights, duties
and liabilities which arise out of that relation, and the law
*touching the question involved in the case at bar* is found in
sections 196 and 207." He then quotes those sections and pro-
ceeds to say: "By these sections the duty to support a child
and the liability to the third person for necessaries furnished
to it are clearly confined to the parent entitled to the custody
of the child and having it 'under his charge,' and no such
liability attaches to a parent who has been deprived of such
custody and charge." All of this was a perfectly true state-
ment of the law "touching the question *involved in the case
at bar,*" but is entirely too broad a statement for application
to this case. The case of *Selfridge* v. *Paxton* was this: Pax-
ton and wife had been divorced, and the custody of their little
daughter had been awarded to the mother. The decree con-
tained no provision requiring Paxton to support his daughter
or contribute to her support probably because he had agreed
with his wife to pay liberally for her support, an agreement
which he had faithfully observed. Selfridge had rendered
valuable medical service to the daughter at the request of the
mother and with knowledge of the terms of the decree. This
being the case it was true that the rights of the parties were

defined and limited by sections 196 and 207 of the Civil Code which read as follows: "(196) The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability.

"(207) If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent."

There is, however, a wide difference between this case and *Selfridge* v. *Paxton*. This defendant, by the decree divorcing his wife, was required to pay her fifty dollars a month for the support of herself and their child, and this he has willfully and without lawful excuse omitted to do, in consequence of which the mother has been without means to provide necessary food, clothing, etc., for the child, of whose custody he has been deprived, presumably. for good cause. If then the provision of the decree requiring the payment of this alimony, partly for the support of the child, is valid, we have a case in which a parent is not freed from the obligation to support his child by being deprived of its custody and charge. That this provision of the decree is valid cannot be doubted. It is directly authorized by section 139 of the Civil Code, and needs no other authority. If it did authority could be found in the opinion of the court in *Ex Parte Miller* (109 Cal. 644, [42 Pac. 428]), in which Justice McFarland concurred, and in the concurring opinion of Justice Temple which he quotes with approval in *Selfridge* v. *Paxton*. In *Ex Parte Miller*, the court was overruling what was decided in *Hunt's case* (103 Cal. 355, [37 Pac. 206]), where it was declared that a parent could not be deprived of the custody of his child for abuse of parental authority by a summary proceeding, but only in a civil action as prescribed by section 203 of the Civil Code. Much that was said in the main opinion in *Ex Parte Miller* by Justice Harrison and all that was said in the concurring opinion by Justice Temple was for the purpose of confuting the opinion in the Hunt case as to the intention of the legislature in adopting said section 203. To do this they each contended, and the court held, that the only, or at least the main,

purpose of that section was to give a right of action by which a child might be emancipated from the control of his parent and at the same time enforce the obligation of the parent to support him, contrary to the implication of section 196. The passage in Justice Temple's opinion peculiarly applicable to this case is the following: "In cases of divorce and in controversies between the parents in regard to the custody of children, other sections provide for the support of the children (Civ. Code, secs. 137, 199), but, in no other case except as provided in section 203 has the court the power to deprive the parent of his authority and yet hold him liable for the maintenance of his child according to his condition."

· This paragraph in Judge Temple's opinion contains a plain declaration that section 137 of the Civil Code (mistakenly cited or printed when section 139 was intended) does empower the courts in cases of divorce to compel a parent to support his children after being deprived of their custody. The passage quoted by Justice McFarland in *Selfridge* v. *Paxton* applied to the case then before the court—a case in which the parent had been deprived of the custody of his child in a *summary proceeding* in which the court had no power to compel him to continue to support her—and it was aptly cited in support of the judgment in a case where the trial court having the discretion to order a continuance of support by the father, had found no occasion to do so. It is utterly foreign to a case like this in which the decree of divorce contains a valid provision requiring the father to continue to *contribute* to the support of a child whose custody is awarded to the mother.

The judgment and order of the superior court are affirmed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.