[Crim. No. 189.   Third Appellate District.—July 16, 1912.]

## In the Matter of the Application of SMITH McMULLEN, for a Writ of Habeas Corpus.

DIVORCE IN NEVADA—CUSTODY OF CHILDREN AWARDED TO WIFE—ALI-
MONY NOT ENFORCEABLE IN THIS STATE.—Where a wife obtained
a decree of divorce in the state of Nevada, upon service of summons
upon the husband in this state, and the decree awarded her the
custody of the children and alimony against the husband in the sum
of $100 per month, the Nevada court acquired no jurisdiction of the
person of the husband, and the portion of the decree allowing ali-
mony is not enforceable against him in this state.

ID.—PARENTAL DUTY OF FATHER TO SUPPORT MINOR CHILDREN—NON-
ENFORCEABILITY OF DECREE FOR ALIMONY NOT A "LAWFUL EXCUSE"
UNDER PENAL CODE.—The father owes a parental duty to support
his minor children, and the nonenforceability of the decree for ali-
mony is not a "lawful excuse" for the neglect of that duty, within
the meaning of section 270 of the Penal Code, providing that
"A parent who willfully omits, without lawful excuse, to furnish
necessary food, clothing, shelter or medical attendance for his child
is punishable by imprisonment in the state prison or in the county
jail, not exceeding two years, or by fine not exceeding one thousand
dollars, or by both."

ID.—CUSTODY OF CHILDREN AWARDED TO WIFE UNDER DECREE NOT RE-
QUIRING EXCLUSIVE SUPPORT UNDER CIVIL CODE—IMPLIED FINDINGS.
Under the circumstances appearing, although the custody of the
children was awarded to the wife, it is not made her duty exclusively
to support the children, within the meaning of section 196 of the
Civil Code.  The decree as made presupposes findings that the hus-
band was not a suitable person to have the custody of the children,
and that their mother was financially unable to bear the burden of
their proper support, and that it was necessary that the husband
should continue such support; and, therefore, it cannot be held that
the divorced wife must provide exclusive support therefor under sec-
tion 196 of the Civil Code.

ID.—PUNISHMENT OF HUSBAND UNDER PENAL CODE FOR NONSUPPORT OF
MINOR CHILDREN—HABEAS CORPUS.—Where the husband was pun-
ished, under section 270 of the Penal Code, for willfully, and without
lawful excuse, having omitted to provide for the support of his
minor children, he is not entitled to be released from the custody
of the sheriff of the proper county, on *habeas corpus*, on the ground
that he is restrained from his liberty without any authority of law;
and he must be remanded to the custody of such sheriff.

19 Cal. App.—31

APPLICATION for writ of *habeas corpus* directed to the sheriff of Sonoma County.

The facts are stated in the opinion of the court.

C. D. Dorn, Phil. Ware, and Gilbert P. Hall, for Petitioner.

Lea, Hoyle & Ford, for Respondent.

HART, J.—The petitioner is held in custody by the sheriff of Sonoma county upon the authority of an order of commitment, made and issued by the police court of the city of Petaluma, holding him to trial in the superior court of said county for the alleged violation of section 270 of the Penal Code, which provides as follows: "A parent who willfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his child, is punishable by imprisonment in the state prison, or in the county jail, not exceeding two years, or by fine not exceeding one thousand dollars, or by both."

Complaining that the commitment upon the authority of which he is restrained of his liberty is void, the petitioner seeks his release therefrom through the writ of *habeas corpus*.

The salient facts, as to which there is no controversy, may be stated as follows: Margaret J. McMullin and Harry Smith McMullin are the minor children of the petitioner and his former wife, Emma Harris McMullin; that, while still the wife of the petitioner, said Emma H. McMullin went to the state of Nevada, taking with her said minor children; that, after her arrival in the state of Nevada, said Emma instituted an action for divorce against the petitioner and in said action asked for the custody of said minor children; that, after the filing of the complaint in said action for divorce, the petitioner was served with summons therein in the county of Sonoma, this state, but the petitioner did not answer the complaint in said action or otherwise make an appearance therein; that thereafter, and on the twenty-first day of March, 1910, "a decree was duly made and given in the district court of the first judicial district of the state of Nevada, in and for the county of Ormsby, awarding said Emma Harris McMullin a divorce from petitioner, and further awarding the custody to her of

said minor children. The said decree further ordered that petitioner pay to her the sum of $100 per month as her permanent alimony.''

It is further made to appear that, in the fall of the year 1911, said Emma Harris McMullin returned to the city of Petaluma, in the county of Sonoma, this state, where she again took up her residence and now resides, and that Margaret J. McMullin, one of the minor children referred to, soon followed her mother to Petaluma and there took up her residence and still resides with her mother, the other of said minor children remaining in the state of Nevada with relatives of said Emma Harris McMullin.

It is further admitted that, since the said decree of divorce was given, the petitioner has not provided said minor children ''with support, maintenance or education, except that the petitioner did pay the tuition at school, and for a few other things, for said Margaret Juanita McMullin''; that the mother of said Margaret has been supporting said minor child since said divorce, and that she ''has been sending money to the state of Nevada for the support of the other minor child''; that said Emma, ''at all times herein mentioned, has had and still has the custody of said minors,'' and that the petitioner has not, at any of the times mentioned in the petition, ''had any share in the custody of said minors.''

On the twenty-ninth day of April, 1912, so the petition further alleges, the former wife of the petitioner qualified as guardian of the persons and estates of said minors, having previously been appointed to that office by the superior court in and for the county of Sonoma in a proceeding instituted in said court by her for that purpose.

The charge in the petition that the wife of the petitioner ''deserted him and, taking with her the said minor children, went to the state of Nevada,'' etc., is denied by the answer; but we think that, under the circumstances as disclosed here, the issue of fact thus sought to be raised may be disregarded as unnecessary to the decision of the principal point of controversy submitted in this proceeding.

It is conceded that, the petitioner not having been served within the state of Nevada with the summons in the suit by his wife for a divorce, the Nevada court by which the decree in said action was granted never acquired, or at any time had,

jurisdiction of his person. It follows, therefore, that the portion of the decree allowing alimony to petitioner's wife is not enforceable in this state. (Code Civ. Proc., sec. 413; *First National Bank* v. *Eastman*, 144 Cal. 491, [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043]; *Pennoyer* v. *Neff*, 95 U. S. 714, [24 L. Ed. 565]; *De la Montanya* v. *De la Montanya*, 112 Cal. 109, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345].)

The contention of the petitioner is that, the custody of his minor children having been awarded to their mother by the decree in the action dissolving the bonds of matrimony between him and his wife, he is, under the terms of section 196 of the Civil Code, absolved from any and all legal liability for the support and education of such children. In other words, it is the contention that, by the provisions of said section of the Civil Code, where, upon the granting of a divorce, the court awards the custody of the minor children to one of the parents, the sole responsibility of supporting and educating such children is thus cast upon the parent to whom such custody is awarded. The section of the code referred to reads in part as follows: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances."

The contention as thus explained involves the only question presented by this proceeding.

The position of the petitioner, as above defined, is too broadly stated to be tenable either upon principle or precedent.

It involves the statement only of a trite proposition to say that it is, in the absence of all positive law upon the subject, an imperative natural duty of parents to support and nurture their minor offspring, and it can never be assumed, where legislative regulation of that duty has been resorted to, that the legislature intended thus to relieve parents of that first and most important of all responsibilities resting upon them, except in those cases in which circumstances absolutely compel the shifting of such responsibility to the shoulders of others. On the contrary, the specific purpose of all legislation upon the subject of the duty due from parents to their minor children is to secure the religious execution of that natural duty. The proposition that parents have no right to so neglect their minor children as to make them a charge upon other persons or upon the public is too obvious to be referred to, but the

policy of the government, in the enactment of laws regulating the duty, imposed by natural laws, owing to minor children from their parents, is not only to prevent this very result but to compel the performance of that duty in such manner, consistent with the circumstances of the parents, as that their offspring may be started out in the battle for existence with some degree of preliminary equipment. Of course, section 196 of the Civil Code should be enforced according to its plain intent and purpose in all proper cases, but it cannot justly be given a construction that would have the effect of circumventing rather than promoting the very ends which it and our whole system of laws upon the subject to which it relates were designed to bring about.

The main reliance of counsel for petitioner, for the support of the exceedingly broad construction to which they have been led to subject section 196, is upon the decision in the case of *Selfridge* v. *Paxton*, 145 Cal. 713, [79 Pac. 425]. But that case, although some language is used in the opinion which might give some color to the construction given by the petitioner of the intent and scope of section 196, is not in point here. The important line of distinction between that case and the one at bar, in our opinion, lies in the fact that in the cited case it appeared that, contemporaneously with the granting of the divorce, the husband and wife entered into a contract by the terms of which the former agreed, among other things, to pay to the latter, to whose custody the minor children were awarded by the decree, for the support and maintenance of said children, the sum of $13,200, payable in monthly installments of $100, until the whole amount should be paid. It was therefore held that the husband could not be bound for the expense incident to medical attention given one of said minor children by the plaintiff, a physician, who brought his action to recover for professional services so performed against the husband. In the case here it appears, and it is admitted, that the court by which the decree of divorce was granted made provision in said decree for the payment by the husband to the wife of the sum of $100 per month as permanent alimony, and, while it does not appear that the court made specific provision for the support and education of the children at the hands of the petitioner, or otherwise provided for their sup-

port by the husband than through the alimony so allowed, the presumption is that such alimony included an allowance sufficient for the support of both the mother and the children, and that such was the purpose of the order. And the very fact, admitted by the petitioner, that the alimony thus allowed cannot be enforced in this state brings this case within the rule as laid down in the very recent case of the *People* v. *Schlott,* 162 Cal. 347, [122 Pac. 846], in which the chief justice, who wrote the opinion, takes occasion to limit and qualify the effect of the decision in the case of *Selfridge* v. *Paxton,* 145 Cal. 713, [79 Pac. 425]. In the Schlott case, by the decree granting the divorce, the defendant was ordered to pay his wife the sum of $50 per month for the support of herself and their child. He willfully and without lawful excuse failed and omitted to pay the required sum per month, and it was held that he was, therefore, amenable to prosecution under section 270 of the Penal Code.

But counsel for the petitioner seem to be of the opinion that the fact that the provision for alimony made by the Nevada court is not enforceable in this state constitutes, within the meaning of that phrase as used in section 270 of the Penal Code, a "lawful excuse" for the omission to support his minor children. This opinion appears to have been inspired by that portion of the opinion in the Schlott case wherein the provision contained in the decree for alimony is referred to as a "valid" one, from which language counsel seem to infer that the court intended to say that, in order to render the party sought to be required to pay alimony amenable to prosecution under section 270 of the Penal Code, the provision for alimony must be valid in all respects. We do not think the court intended to go that far, or to lay down any such rule as counsel seem to have worked out from the decision in that case.

We do not understand that the efficacy of section 270 of the Penal Code or its potency to accomplish the purpose of its enactment is made to depend upon the proposition whether or not a court, having, upon the granting of a decree of divorce, undertaken to make provision for the support by one of the parents of the minor children, has succeeded, in a legal aspect, in making a valid order providing for such support. The simple issue to be tried and determined under said section is

whether a parent, without lawful excuse, willfully omits to furnish his minor children with necessary food, clothing, etc., and, in so far as it may constitute proof of the charge is concerned, we are unable to perceive any less force in the fact that the court attempted, but for some legal reason failed, to make a valid provision in the decree of divorce for the support of the child than in the fact, where it is a fact, that the court had succeeded in its attempt to make such a valid provision. In the one case no less than in the other it must appear or be assumed that the court found that it was proper and necessary that the parent to whom the provision was intended to apply should continue to contribute to the support of the minor.

Speaking concretely, the provision in the decree awarding the custody of the minor children to their mother—the plaintiff in the divorce action—and that requiring the petitioner to pay the mother permanent alimony in an amount sufficient for the support of both herself and said children, presupposes findings that the petitioner was not a proper person to have the custody and control of said children, and that their mother was financially unable to bear the sole burden of their proper support under the circumstances as disclosed to the court, or, at any rate, that the petitioner, for sufficient reasons, should not be altogether relieved of the assumption of that natural burden.  Thus it unmistakably appears that the necessity of the petitioner's assistance in the proper support of the children is shown and his duty in that respect plainly defined in the decree, yet, if petitioner's position here be sound, he may rest immune from prosecution under section 270 of the Penal Code merely because the enforcement of the order requiring him to support or contribute to the support of his minor children may be obstructed for a purely legal reason, not based upon the merits of the provision.  We do not think that any court can be found that will construe the circumstances of this case as the petitioner views them.

Our conclusion is, as stated, that the provision in the decree divorcing the petitioner and his wife for permanent alimony constitutes proof that the court found that it was necessary that the petitioner should continue to contribute to the support of his minor children, and that, therefore, it cannot be held that his divorced wife must provide said children

with support by reason of the provision contained in section 196 of the Civil Code.

The writ is, accordingly, discharged and the petitioner remanded.

Chipman, P. J., and Burnett, J., concurred.