GUSTAVE HAROLD WATKINS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 30, 1915.

1. Motions to quash informations and the ruling of the court thereon form part of the record proper in a cause, and have no place in the bill of exceptions, and, when evidenced to an appellate court only by a bill of exceptions, such court cannot consider assignments of error based upon the overruling of such motions.

2. A Judgment of conviction will be reversed where hearsay and irrelevant testimony that is manifestly prejudicial and harmful to the defendant is admitted in evidence over appropriate objections.

Writ of Error to Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Judgment reversed.

*Groene & Blackwell*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was convicted in the Criminal Court of Record for Hillsborough County of the statutory offense of withholding from his minor children the means of support, and took writ of error.

It appears from the bill of exceptions that a motion was made and overruled to quash the information on the ground that there is pending in the Circuit Court of Hillsborough County a divorce proceeding in which the defendant here is defendant, wherein a decree of divorce and for alimony was rendered, and wherein a writ of *ne exeat* was issued and a bond given. Even if this may be regarded as a proper motion to quash the information, it appears only in the bill of exceptions and not in the transcript of the record proper, therefore it can not be considered here.

Motions to quash indictments and the ruling of the court thereon form part of the record proper in a cause, and have no place in the bill of exceptions, and, when evidenced to an appellate court only by a bill of exceptions, such court cannot consider assignments of error based upon the overruling of such motions. Bell v. State, 61 Fla. 6, 54 South. Rep. 799.

The court permitted a witness to give hearsay testimony that the defendant has a month's pay in his pocket and would not give his former wife any of it, though it appears he did make a payment afterwards for alimony. This and other hearsay and irrelevant testimony was erroneously permitted to be given over objection, and it was prejudicial to the defendant.

In permitting the present wife to testify on cross-examination over objections as to matters having no relation

to the issues being tried, there was reversible error. The evidence does not clearly show that the defendant withheld from his children any means of support that he had or was able to acquire. In People v. Schlott, 162 Cal. 347, 122 Pac. Rep. 846, it was found that the defendant wilfully omitted to furnish his child with necessary food, etc., he having the ability to furnish such support.

The judgment is reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.