[Crim. No. 471. Second Appellate District.—May 15, 1916.]

## THE PEOPLE, Respondent, v. A. L. CHAMPION, Appellant.

CRIMINAL LAW—FAILURE TO PROVIDE FOR MINOR CHILD—LIABILITY OF FATHER AFTER DIVORCE—SECTION 270, PENAL CODE.—The court in an action for divorce has the power to compel a father to support his children even though he is deprived of their custody, and where he willfully fails to do so, he is liable to prosecution under section 270 of the Penal Code, and the fact that he is imprisoned for failure to do so does not constitute imprisonment for debt in a civil action, within the meaning of the constitution, although the order for support was made by his consent, as the order derives its force from the power of the court and not from contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

William Freeman, and John D. Dawson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appeal by the defendant from the judgment, and from an order denying his motion for a new trial.

Defendant was convicted of the offense described in section 270 of the Penal Code, and sentenced to imprisonment in the county jail of Los Angeles County for a term of three months. The charge was that the defendant, during a certain period of five months in the year 1915, willfully omitted to furnish necessary food, clothing, shelter and medical attendance to his minor children named in the information. There are no briefs on file, and we shall confine our attention to the propositions urged on behalf of appellant at the oral argument.

In January, 1915, in an action of divorce in the superior court of Los Angeles County wherein this defendant was defendant, and the mother of said minor children was plaintiff, the court denied the plaintiff's petition for a divorce, and decreed that the defendant as cross-complainant was entitled to a divorce from the plaintiff. The court having further found that both parties were fit to have custody of the children, awarded the custody of them to the mother, and after making certain provisions concerning the property interests of the parties, ordered that the defendant pay $6 a week for the support of said minor children. Counsel for appellant, after directing our attention to these facts, contended that under the evidence in this case it appears that the order for payment of money by him was made by his consent upon a stipulation, and that to imprison him for failure to make payments in accordance with that decree is to imprison him for debt, which he contends would be a violation of defendant's constitutional rights.

The record clearly establishes that the decree and order in question derived their force entirely from the power of the court, and not from any contract or consent on the part of defendant. In an action for divorce the court has authority to make such order for the custody, care, education, maintenance, and support of the minor children as may seem necessary or proper. (Civ. Code, sec. 138.) The fact that during the period of time covered by the information in this case the children were not in the custody of their father, made it necessary for the prosecution to show that his obligation to contribute toward the support of the children was not suspended, as he might have contended that it was under

section 196 of the Civil Code, which declares that "the parent entitled to the custody of a child must give him support and education suitable to his circumstances. . . ." For it has been held that where in a divorce proceeding the custody of a minor child is given to the mother, and no provision in the decree is made for the support of such child by the father, the parent entitled to the custody of the child must support it. (*People* v. *Hartman,* 23 Cal. App. 72, 79, [137 Pac. 611]; *Matter of McMullin,* 164 Cal. 504, [129 Pac. 773].) It has been held further, in a case arising under section 139 of the Civil Code, that that section empowers the courts in cases of divorce to compel a parent to support his children after being deprived of their custody. (*People* v. *Schlott,* 162 Cal. 347, [122 Pac. 846].) Section 139 declares the power of the court where a divorce is granted for an offense of the husband, to compel him to provide for the maintenance of the children of the marriage. But it appears that under section 138 like power exists in all divorce cases and at all stages of the proceedings.

We are satisfied that there is no ground for the contention that punishment of the defendant under section 270 of the Penal Code would conflict with his constitutional right to be exempt from imprisonment "for debt in any civil action" (Const., art. I, sec. 15); for that would not even indirectly be the effect of the judgment. The record of the divorce case merely establishes the fact that the defendant's legal obligation as father of the children to contribute to their support has not been suspended or removed by the order removing them from his custody. Under these circumstances he is liable to punishment upon a showing that he has willfully omitted without lawful excuse to furnish necessary food, etc., for their use.

It is further contended that the evidence fails to show a willful omission by the defendant to make the necessary provision for the support of his children, and fails to show that they were not in fact sufficiently supported by their mother. Since there was evidence tending to support the accusation as to these matters, we find no sufficient reason for setting aside the verdict of the jury.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.