WATKE, Plaintiff in error, vs. THE STATE. Defendant in error.

*May 17—June 12, 1917.*

*Criminal law: Oshkosh municipal court: Separate jurisdiction of judge and court: Preliminary examination by judge: Trial by court: Nonsupport of children: Effect of divorce: Time of offense: Pleading: Evidence.*

1. Under ch. 24, Laws 1895, establishing the municipal court of the city of Oshkosh and county of Winnebago, the judge of that court, in the exercise of the jurisdiction (expressly vested in him) of a justice of the peace within the city, may hold the preliminary examination of a person charged with nonsupport of his children and may bind him over for trial before said municipal court; and upon the proper return being made said court may proceed with the trial of the case.

2. A judgment of divorce providing that the divorced husband shall pay a certain sum monthly to his former wife as alimony and for the support of minor children, is not such a modification of his legal obligation to support the children as to free him from the penalties prescribed by sec. 4587c, Stats., for failure to provide such support; nor is any court having jurisdiction to enforce those penalties deprived, by such divorce judgment, of the power to do so.

3. Where the information, under sec. 4587c, Stats., charged that on a certain day "and for some time prior thereto" defendant neglected and refused to provide for the support of his minor children, evidence of such neglect before and after the time charged was admissible.

4. The particular date set forth in the information in such a case is immaterial if the offense was committed at or about that time.

ERROR to review a judgment of the municipal court of the city of Oshkosh and county of Winnebago: A. H. GOSS, Judge. *Affirmed.*

This is a criminal action commenced in the municipal court of Oshkosh against *George E. Watke,* the plaintiff in error (hereinafter called the defendant), by his divorced wife, Neenah Watke, who charges him with unlawfully and feloniously neglecting to provide for the support and mainte-nance of his minor children, to wit, Aurum Watke, aged four

years; George Watke, aged three years; and John Watke, aged two years, all of whom are alleged to be in destitute and necessitous circumstances.

Complaint was made by Neenah Watke against the defend-. ant January 23, 1917, a warrant was issued by A. H. Goss, the judge of the municipal court, and the defendant was arrested and extradited from Gary, Indiana, and brought before A. H. Goss on January 29, 1917. He was held for preliminary examination February 2, 1917, at which time he was bound over to be tried before the municipal court on February 13, 1917, and an information was filed against him by the district attorney of Winnebago county charging the defendant with having on the 23d day of May and for some time prior thereto wrongfully and feloniously neglected and refused to provide for his minor children. To this information the defendant filed a plea in abatement alleging that the information does not state facts sufficient to charge the defendant with the crime of abandonment or any other crime under the law; that the court had no lawful authority to hold a preliminary examination in this court and bind the defendant over for trial; that the district attorney of Winnebago county had no lawful authority to file an information against the defendant in the above entitled action.

The plea also alleged that on the 10th of May, 1916, a judgment of divorce was granted by the circuit court for Winnebago county, wherein Neenah Watke was plaintiff and *George E. Watke* defendant, wherein Neenah Watke was divorced from the defendant and the custody of the children awarded to Neenah Watke, with the provision that the defendant pay the sum of $20 a month each month, beginning May 6, 1916, to her as alimony and for the support of the minor children; that the judgment of divorce has never been vacated or modified in any respect and is still in full force and effect, and hence there was no abandonment of children and no money due and payable to Neenah Watke on May 23,

1916; and that the municipal court had no jurisdiction to hear, try, and determine facts stated in the information, for the reason that the question of abandonment and care and support of the children is under the exclusive jurisdiction of the circuit court for Winnebago county.

The municipal court overruled the plea in abatement. On February 27, 1917, the case was tried by the court and a jury. The jury found the defendant guilty of the offense charged in the information and he was sentenced to eighteen months' imprisonment in the state prison.

On May 10, 1916, the circuit court for Winnebago county granted to the defendant's wife a divorce and awarded to her the custody of the three small children and ordered *George Watke* to pay to her $20 a month starting May 6, 1916, as alimony and for the support of his minor children. *Watke* contested the divorce. Following the decree of divorce he went to Gary, Indiana, where he secured employment at which he earned $110 a month. He was injured after working a little over a month, and was treated at the local hospital at the expense of his employer until arrested and returned to Wisconsin. In addition to having his hospital bills and medical treatment paid, he received compensation for his injuries amounting to about $57 per month for the entire summer. *Watke* at no time after the decree of divorce contributed to the support of his children, and kept his whereabouts a secret from his former wife. He claims that he was not able to contribute towards his children's support, owing to his injuries and expenses at Gary and his obligation to repay some loans made to him before he went to Gary. The children have been supported by their maternal grandparents and have no property or money nor has their mother any means to furnish them with the necessities of life.

For the plaintiff in error there was a brief by *Wheeler & Taylor* of Oshkosh, and oral argument by *F. F. Wheeler* and *Arthur W. Taylor*.

For the defendant in error there was a brief by the *Attor-ney General* and *D. K. Allen,* district attorney of Winnebago county, and oral argument by *J. E. Messerschmidt,* assistant attorney general.

SIEBECKER, J. The defendant contends that the proceedings, beginning with the issuance of a warrant upon the complaint of Neenah Watke, his former wife, under sec. 4587c, Stats., his arrest, his trial and conviction in the municipal court, were without jurisdiction and contrary to the law upon the several grounds hereinafter stated:

(1) It is claimed that the proceeding had before A. H. Goss as the judge of the municipal court for a preliminary examination and binding him over for trial in the municipal court was without jurisdiction. This contention is based on the case of *State v. Solomon,* 158 Wis. 146, 147 N. W. 640, 148 N. W. 1095, holding that the statutory scheme of preliminary examination upon complaints for criminal offenses contemplates that such examination is to be held by some magistrate other than the court wherein the offender is triable. It is asserted that under this rule the defendant could not legally be subjected to a preliminary examination upon the criminal complaint made against him by the judge of the municipal court and be by him bound over for trial in the municipal court. The municipal court of the city of Oshkosh and county of Winnebago was established by ch. 24, Laws 1895. The act establishes the court as a court of record, having a clerk, and provided for a seal. The act provides (sec. 1):

"Said court may exercise powers and jurisdiction equal and concurrent with the circuit court of Winnebago county in all cases of crimes and misdemeanors arising in said county, except murder, and except where the person accused shall demand, in writing, as herein provided, to be tried in said circuit court. . . . No justice of the peace or court commissioner within said city, shall exercise any jurisdiction in

criminal or bastardy cases, but all such jurisdiction is vested in the judge of said court; and all examinations, recognizances and commitments from said judge, and the other justices of the peace of said county, in criminal cases, . . . shall be certified to and returned to said municipal court . . . instead of said circuit court."

These provisions clearly make a distinction between the general jurisdiction conferred on the municipal court as a court of record and the authority conferred on the judge of such municipal court as a magistrate to exercise the powers of a justice of the peace within the city. This distinction must be kept in view in applying the law to the case before us. The making of the complaint against the defendant by his former wife to the judge of such municipal court, the issuance of the warrant therein for his arrest, the proceedings had upon the return of the warrant, and the preliminary examination of the defendant and holding of him for trial before the municipal court, were proceedings before the judge of such court within the jurisdiction conferred on him as a justice of the peace within the city of Oshkosh. This statute authorized him to exercise such jurisdiction and specifically conferred on him the power to certify and return the examinations and commitments to the municipal court. Upon the return so made to the municipal court such court had the power to proceed with the trial of the case within its general jurisdiction as a court of record pursuant to the general provisions of the law in force in circuit courts in actions and proceedings therein in criminal cases. The practice of conferring such powers and jurisdiction separately on municipal courts and the judges thereof has been adopted in various acts establishing municipal courts throughout the state which have existed for long periods of time and provide for a proper and efficient way of exerting such powers. *Raynor v. State,* 62 Wis. 289, 22 N. W. 430; *State ex rel. Hamilton v. Municipal Court,* 89 Wis. 358, 61 N. W. 1100; *Robertson v. Parker,*

99 Wis. 652, 75 N. W. 423. The proceeding before the judge of the municipal court was proper and within the powers vested in him as such judge, and the proceedings upon the trial of the defendant in the municipal court were correctly held to be within the general jurisdiction of such a court as a court of record.

(2) It is claimed that the court erred in overruling the defendant's contention that the municipal court had no jurisdiction to try the defendant for the alleged offense because the circuit court for Winnebago county had on May 10, 1916, entered a judgment divorcing defendant from his former wife, the complaining witness in this prosecution, whereby the bonds of matrimony were dissolved and the custody of the three infant children was awarded to the wife and the recovery by her of $20 per month from May 6, 1916, payable monthly thereafter as alimony and for the support of the infant children, was decreed. It is asserted that this judgment of divorce was such a modification of the defendant's legal obligation to support his minor children as to free him from the penalties prescribed by sec. 4587c, Stats. This claim cannot be sustained. The terms of the divorce judgment do not modify the defendant's legal obligation to support his children, but expressly provide that he shall do so by paying to his former wife the amount awarded. This case is entirely different from the case of *People ex rel. Comm'rs v. Cullen,* 153 N. Y. 629, 47 N. E. 894, where the husband had by decree of the court been entirely absolved from the legal obligation to support his wife. The fact that the children's custody was awarded to the mother by the divorce judgment does not operate to modify this obligation, nor is any court having jurisdiction to enforce the penalties provided by sec. 4587c, Stats., deprived of the power to enforce them against the defendant by the divorce proceedings in the circuit court. We discover no such conflict between the jurisdiction of the two courts as is claimed by the defendant in

exerting their powers to administer the laws governing the domestic relations involved in the divorce proceedings and the legal obligations involved in this action. The duties of the defendant can be enforced separately by the different courts having jurisdiction thereof and he be fully protected in all his legal rights. *People v. Schlott,* 162 Cal. 347, 122 Pac. 846; *In re McMullen,* 19 Cal. App. 481, 126 Pac. 368; *Spade v. State,* 44 Ind. App. 529, 89 N. E. 604.

(3) It is urged that the court erred in receiving evidence of the defendant's neglect to provide for his minor children before and after the time charged in the complaint and information. True, the information charges that the defendant on May 23, 1916, "and for some time prior thereto," did wilfully neglect and refuse to provide for the support of his minor children. The trial court instructed the jury:

"If you are satisfied beyond a reasonable doubt that the offense set forth in the information was committed at or about the time set forth in the information, the particular date set forth is immaterial."

This instruction was given in connection with one stating that the offense charged was a continuing one, and therefore evidence of the offense before and after the time charged was admissible to show whether or not the offense charged was committed at or about the time charged. These instructions correctly stated the law as approved in *Adams v. State,* 164 Wis. 223, 159 N. W. 726; *Hopkins v. State,* 126 Wis. 104, 105 N. W. 223.

The evidence tended to show that the defendant failed and neglected to provide for his minor children prior to May 6, 1916, the date indicated in the judgment of the divorce action providing for their support thereafter, and that he contributed nothing for their support thereafter up to the time of the trial. In the light of this state of the evidence the court properly submitted the case on the point specified in the above quoted instruction. This evidence of violation of the statutes

before and after the decree was proper under the information within the rule of the *Adams* and *Hopkins Cases, supra.* We find no reversible error in the record and the judgment must stand.

*By the Court.*—The judgment is affirmed.